IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINAKI BANERJEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HUNTER WARFIELD, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, PINAKI BANERJEE, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, HUNTER WARFIELD, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. PINAKI BANERJEE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hoffman Estates, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Burnham 310 (hereinafter, "the Debt").

6. The Debt was for a bill allegedly owed by Plaintiff's son relative to a residential apartment lease.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HUNTER WARFIELD, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In February 2012, Defendant reported to Equifax, a "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, that Plaintiff owed the Debt.

15. In February 2012, Defendant reported to Equifax that Plaintiff owed a balance of $717.00 relative to the Debt.

16. In March 2012, Defendant reported to Experian, a "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, that Plaintiff owed the Debt.

17. In March 2012, Defendant reported to Equifax that Plaintiff owed a balance of $719.00 relative to the Debt.

18. The Debt was allegedly incurred by Plaintiff's son relative to a bill for a residential apartment lease.

19. At the time Plaintiff's son allegedly incurred the Debt, Plaintiff's son was not a minor.

20. Plaintiff never resided at aforesaid apartment from which the Debt arose.

21. Plaintiff neither signed nor co-signed a lease and/or contract with Burnham 310 relative to the apartment from which the Debt arose.

22. Plaintiff is neither legally responsible nor obligated to pay the Debt

23. Defendant's representations to Experian and Equifax that Plaintiff owed the Debt were false, deceptive and/or misleading given that Plaintiff was neither legally responsible nor obligated to pay the Debt.

24. Defendant's representations to Experian and Equifax that Plaintiff owed the Debt misrepresented the character, nature and/or legal status of the Debt given that Plaintiff was neither legally responsible nor obligated to pay the Debt.

25. In or around April 2012, Plaintiff discovered that Defendant was reporting the Debt to one (1) or more consumer reporting agencies.

26. In or around April 2012, Plaintiff initiated a telephone call to Defendant wherein the parties engaged in a telephone conversation.

27. Alternatively, if Plaintiff was legally responsible or obligated to pay the Debt, the aforesaid telephone conversation between the parties was Defendant's initial communication with Plaintiff relative to the Debt.

28. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff inquired why Defendant reported to the consumer reporting agencies that Plaintiff owed the Debt.

29. Plaintiff further informed Defendant that he was not legally responsible or obligated to pay the Debt.

30. Defendant responded to Plaintiff's statements by informing Plaintiff he owed the Debt.

31. Defendant further instructed Plaintiff to contact Burnham 310 if he did not think he was responsible to pay the Debt.

32. Plaintiff told Defendant that he never received any correspondence from Defendant relative to the Debt.

33. Defendant told Plaintiff that it had sent him correspondence relative to the Debt.

34. Plaintiff reiterated to Defendant that he did not receive any correspondence from Defendant relative to the Debt.

35. Plaintiff requested that Defendant re-send him the correspondence Defendant allegedly sent to Plaintiff relative to the Debt.

36. Subsequent to the parties having engaged in the aforesaid telephone conversation, Defendant was cognizant that Plaintiff never received any correspondence from Defendant relative to the Debt.

37. Subsequent to the parties having engaged in the aforesaid telephone conversation, Plaintiff never received any correspondence from Defendant relative to the Debt.

38. Subsequent to the parties having engaged in the aforesaid telephone conversation, upon information and belief, Defendant did not send Plaintiff any correspondence relative to the Debt.

39. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

40. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to

      communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PINAKI BANERJEE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                        Respectfully submitted,
                        **PINAKI BANERJEE**

                        By:   s/ David M. Marco
                            Attorney for Plaintiff

Dated: January 15, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com